United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604
October 9th, 2026
26 2863

U.S.C.A. – 7th Circuit
RECEIVED

OCT 16 2026

HEIDI ERICKSON,
Plaintiff-Appellant,

**Filed herewith Appellant's Response to Show Cause and DOCKETING STATEMENT**
On Appeal from the United States
District Court for the Central
District of Illinois, Rock Island Division.
No. 1:25-cv-4136

MICHAEL INMAN, et al.,
Defendants-Appellees

**APPELLANT'S RESPONSE TO SHOW CAUSE**
**and**
**DOCKETING STATEMENT CIRCUIT COURT RULE 3(c)**

Pursuant to this Honorable Court's Orders to Show Cause recently issued on September 25, 2026 requiring the Appellant to File the overdue Docketing Statement on or by 10/9/2026 the Appellant responds with this filing pursuant to Circuit Rule 28(a) and requests herein that this Docketing Statement be accepted Instantner. The Appellant has had serious issues with her health and unstable/unsafe living conditions, although she filed her opening Brief in the related case docket # 26-2064 files this respectfully today and did not forget this requirement to file the Docket Statement was under the belief that a Jurisdictional Memorandum was necessary and Ordered now due 10/19/26 therein the Appellant will provide the necessary Pendant Jurisdiction necessary to hear this appeal while the related appeal is being heard in 26-2064.

The Appellant/Plaintiff filed her original Complaint and Motion For IFP on 7/29/25 and 8/13/25 respectively followed by the filing of an Emergency Motion For Preliminary Injunction, Replevin and TRO on 9/29/25/ On 10/3/25 the Court issued Orders dismissing the action under FRCP R 8 and gave her until about 10/15/25 to Amend it's length (shorten) then emailed the Plaintiff it's orders on or about 10/12/25, Plaintiff requested a short extension and tried to file a rushed 1st Amended Complaint on 10/21/25 and had technical and health difficulties filed it on 10/22/25 and the Court accepted the 1st Amended Complaint on 1/27/26. Before the new year the Plaintiff filed another Emergency Motion For Evidentiary Hearing on her Emergency Motion For TRO, Replevin and Preliminary Injunction on 12/18/25 and on 12/22/25 filed her Emergency Motion For TRO, Replevin and Preliminary Injunction all these motions were emailed to the

Defendants attorney of records who on 8/8/25 accepted email communications and represented the Defendants gave instructions that it be served all communications on behalf of the Defendants who were always notified. Between the date the Emergency Motion For Preliminary Injunction was filed and the date it was acted on months had passed, and the Defendants were always notified and they Responded to the TRO on 12/26/25 and the Emergency Motion on 2/20/26. Plaintiff filed an Opposition on 3/9/26 from the emergency room of a trauma level 2 ER. On 4/2/26 the District Court issued Orders granting in part and denying in part the Preliminary Injunction, and therein those Orders docket #77 it expressed it's concern over the Defendant's authority to have seized and in it's authority to hold said sentient property, and Ordering the Defendants to comply with it's Preliminary Injunction by on or about 4/15/26 Docket #78. The Defendants response was not according to the FRCP R65 and stated in jurisdiction to have both seized and it's authority was under 510 ILCS 70 et seq. – that is impossible, erroneous, and contemptuous resulting in the Plaintiff filing a Motion For Finding of Contempt on or about 4/28/26, Defendant's Response filed on 5/13/26 and the Plaintiff Reply on 5/19/26. The On the 28th Day and on April 29th, 2026 Plaintiff filed a FRCP R52(d) Motion and emailed it to the Court starting at 11:45pm and her T-Mobile account throttled her speed so the timing of the efiling was so slowed down that it wasn't apparent to the Plaintiff and her email account through gmail that the email was stuck in the outbox in a weird configuration until I think it was time stamped 12:05pm received by the CDIL Clerk's email inbox. The Court refused to consider it timely and the Plaintiff filed her Notice of Appeal, timely on May 1st, 2026. The related Appeal 26-2064 resulted. The District Court on 8/13/26 denied the Motion For Finding of Contempt on 8/13/26 and the Appellant appealed that finding timely and asserted appellate jurisdiction necessary and will be argued under Pendant Jurisdiction in an expected Jurisdictional Memorandum to be filed, due 10/19/26.

In the related case 26-2064 the Appellee has been ordered to file it's Responsive Brief by 10/30/26 and the Appellant will file her Reply Brief on or by 11/20/26.

On the related case the Preliminary Injunction and what forms the basis of this Interlocutory Appeal pursuant to 28 USC §1292(a) is a necessary and meritorious appeal, this appeal of a denied Motion For Finding of Contempt is related to the Appeal of the Preliminary Injunction as they are so intertwined with the rulings of these two findings in the District Court, that justice is at stake.

## JURISDICTION IN THE APPEALS COURT

The Interlocutory Appeal pursuant to 28 USC . §1292(a) is proper in the 7th Circuit Court of Appeals, is pursuant to Pendent appellate jurisdiction, see Memorandum on Jurisdiction to be filed on or by 10/19/26 as the parties are the same and this review is extremely tight, and inextricably intertwined with the circumstances of the appeal in 26-2064 review is necessary.

While this appeal review is on the denial of the Motion For Finding of Contempt, the Appellant was required to file a second Emergency Motion For Preliminary Injunction, Replevin and TRO DKT 22 12/17/25 pursuant to FRCivPro Rule 65 *et seq* and then after the Defendant Responded with it's non-Response to the Preliminary Injunction a Motion For Relief From Judgment and/or to Amend based on FRCivProRule 52 timely filed in 28 days or by 4/30/26 midnight (11:59:59pm) electronically. The District Court received the Motion at 12:05am on 5/1/26 while the Plaintiff had been sending the document for well over 10 minutes through her email carrier T-Mobile (all she could afford at the time and she had earlier requested service on this account ensure there was no throttling) a carrier she found out later was 'throttling' her speeds and access to priority tower initiation (slowing the speed and delaying her emails unbenounced to the Plaintiff slowing email speeds down and setting her emails in que position without advising the Plaintiff that her emails were not being sent at the speeds it had been sending and/or what she was promised and had paid for at the time the Plaintiff had formatted and sent the email to the Central District's Clerk's offices containing the attachment of the Motion For Amendment for greater then 10 minutes and had recently found information that when the filing of the electronic motion is not done intentionally late and/or was close it provides a basis of good faith to this appeal, that Motion this Honorable Court may take judicial notice thereof.

## JURISDICTION IN THE DISTRICT COURT

Appellant/Plaintiff has proper District Court federal question jurisdiction, i.e. 28 USC §1331, §1343(a)(3) and other jurisdictional preferences under the Americans with Disabilities Act, Titles II and III and their Amendments; the Fair Housing Act Amendments; the 4th, 5th, and 14th Amendments to the US Constitution in addition to 28 USC §1983 and 1985 and other statutes not all inclusively articulated herein the Appellant is most humbly and respectfully providing this jurisdiction by memory which is not perfect but believes it is nearly perfected and complete for this Court and the District Court properly articulated for the purposes of this Docket Statement.

Plaintiff then filed a Motion For Extension of Time For Reconsideration with an attached Notice of Appeal if the District Court denied the motion and filing it on the 30th day from the date of the issuance of the Ruling on her Emergency Motion issued on 4/2/26 and docketed the next day.

## NOTICE OF APPEAL FILED IN THE DISTRICT COURT

Appellant filed her Notice of Appeal within 30 days of the issuance of the District Court's Rulings denying the Motion For Finding of Contempt on 8/13/26 and on 9/10/26 emailed to the Clerk of the CDIL her Notice of Appeal from it's Orders and/or Rulings denying.

Therefore, Appellant files this her docketing statement today because the Court requested it SHOW CAUSE why she had not filed it on or about 9/25/26 and that she has been diligently attempting to respectfully file her obligations to this Honorable Appeals Court and it's FRAP

Rules to fullfill her obligations and responsibilities forthwith. Therefore, allowing this Docketing Statement to be filed Instantner today, 10/5/26 in reason.

## JURISDICTION OF THE DISTRICT COURT

Complainant, seeking relief in the Federal Court against the local government (City and County), it's agents and employees, public servants and private individuals claiming constitutional injuries is proper for an Article III adjudication seeking immediate, emergency and other relief.

## OTHER JURISDICTIONAL INFORMATION

1. Filed in the ILCD pursuant to 28 USC § 1331 among others, "[t]he District Court has subject matter jurisdiction pursuant to 28 USC § 1331 because:

(1) this action arises under the Constitution and laws of the United States, pursuant to 28 USC §1331 and 28 USC §1337 "the pendent state laws that have made their way into this civil action."

(2) this action seeks to redress the deprivation, under color of state law, of Plaintiff's civil rights, and to prevent the escalating irreparable harms pursuant to 42 USC §§ 1983, and others not all inclusive to 42 §12131 et seq including 12182;

(3) Plaintiff has been aggrieved by an act or failure to act by the local and State agents, recipients of Federal and state assistance under not all inclusive of the Fair Housing Acts, 29 USC § 794, and those pursuant to 42 USC § 12133; the American Rescue Plan and others.

(4) Plaintiff alleges unlawful retaliation following protected activity of filing disclosures in state and local government agencies and those regulated under the Illinois Attorney General and other Programs, and not all inclusive to retaliation in violation of the ADA Title II, and the 4th and 14th Amendment protections; and (5) while the Plaintiff alleges Respondents/Defendants' deprived her of rights, privileges, or immunities and equal protection secured by the United States and Illinois Constitutions, Federal and State laws and have assaulted her on dates referred to in her Complaints and Emergency Motions and those associated with an earlier filing in the ILND from 5/9/25 this *pro se* complainant/Appellant seeks this Appellate Relief and of all relief and her rights to seek civil review for her failure to properly formulate a legal claim in writing to lengthy a complaint when she has an identified/disclosed communications disability.

## ADDITIONAL JURISDICTION OF THE COURT OF APPEALS FOR 7Th CIRCUIT

This *pro se* Appellant filed a Notice of Appeal in the CDIL District Court on 9/10/26 and in the related appeal (26-2064) Notice of Appeal filed 4/30/25 within 30 days of the date of the Rulings

Appealed the issued 4/2/26 Orders by Judge Sara Darrow docket #77 on the Appellates Emergency Motion For Preliminary Injunction, Replevin, and TRO docket #22 and it's associated filings docket #10, 21, 26, 35, 54, 55, 77, 99, __ and 119.

**PROCEDURAL HISTORY**

The CDIL Court's Clerk assembled this Appeal on or about 9/14/26. Thus this Appeal is timely and with this Docketing Statement, the Appellant is expected to file a Jurisdictional Memorandum on or about 10/19/26 that will as clearly as possible propose that Pendant Jurisdiction is proper and this Appeal should go forward to a schedule for briefing. For this reason, the Honorable Appeals Court should allow her to proceed for review of this meritorious appeal and grant her this motion for Instantner to file this Docketing Statement.

The 7th circuit issued Orders for SHOW CAUSE for the production of a over due Docketing Statement by 10/9/26 the Appellant files it today 10/5/26.

THEREFORE THIS APPEAL IS RIPE.

Respectfully submitted attesting to the facts herein are true under the pains and penalties of perjury.

Dated 10/5/26,

*Heidi K. Erickson* Appellant Pro Se, s/ Heidi Erickson

email: Silver.Circles2022@gmail.com

CERTIFICATE OF SERVICE

APPELLANT RELIES UPON THE CM/ECF SYSTEM AND IF THIS IS NOT ACCEPTABLE SHE HAS SENT THIS PLEADING CAUSING IT TO BE HAND DELIVERED TO THE APPEALS COURT TODAY, and SERVED ALL THE ATTORNEYS OF RECORD BY CARBON COPY OF THE ATTORNEYS OF RECORD TO THEIR EMAILS and HOPEFULLY THE COURT OF APPEALS COUNTER CLERK WILL RECEIVE THIS PLEADING THIS WEEK.